IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-02653-RPM

QWEST CORPORATION,

    Plaintiff,

v.

COLORADO PUBLIC UTILITIES COMMISSION;
RON BINZ, in his official capacity as Chairman of the Colorado Public Utilities Commission;
JAMES TARPEY, in his official capacity as a member of the Colorado Public Utilities Commission;
MATT BAKER, in his official capacity as a member of the Colorado Public Utilities Commission,

    Defendants,
and

CBEYOND COMMUNICATIONS, LLC,

    Intervenor-Defendant.

---

### ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT

---

Judgment entered on January 28, 2010, pursuant to the Memorandum Decision entered on that date. There are two parts to the judgment:

(1) The judgment declares that the Colorado Public Utilities Commission applied an erroneous interpretation of business line as defined in 47 C.F.R. § 51.5 when the Commission found and concluded that residential lines should be excluded from the UNE loop component of the business line tallies; and

(2) the judgment declares that the Commission correctly applied the definition of business line set forth in 47 C.F.R. § 51.5 when the Commission found and concluded that lines for non-switched services should be excluded from the UNE loop component of the business line tallies.

The Plaintiff filed a timely motion pursuant to Fed.R.Civ.P. 59(e), seeking to amend the judgment. The Plaintiff asserts that the second holding is inconsistent with the first holding, arguing that the Court's determination that non-switched UNE loops should be excluded from the business line tallies conflicts with the Court's determination that the phrase "all UNE loops" includes both business and residential UNE loops. The Plaintiff suggests that the court misapprehended the meaning of the phrase "access line" in the definition of business line provided in 47 C.F.R. § 51.5. The Plaintiff requests that the judgment be amended by deleting the second holding and allowing the first holding to stand alone.

The Plaintiff's motion fails because the two holdings are not inconsistent and because the motion is procedurally improper.

The Plaintiff's complaint challenged two rulings of the Colorado Public Utilities Commission. The Memorandum Decision dated January 28, 2010, addressed both rulings, which involve different, though related, questions of statutory construction. The basis for the court's determination regarding lines for non-switched services is adequately explained in the Memorandum Decision. The Court did not misapprehend the Plaintiff's position regarding the meaning of the phrase "access line."

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error

or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration under Rule 59(e) is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law" . . . , but such a motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The Plaintiff's motion to amend revisits issues that were fully addressed in the earlier briefs and were the subject of oral argument held on January 8, 2010. The Memorandum Decision addressed the arguments presented in the earlier briefs. The Plaintiff's motion to amend does not present any new evidence or legal arguments and is not based on any intervening change in the controlling law. The Plaintiff's motion under Rule 59(e) is procedurally improper.

Accordingly, it is

ORDERED that the Plaintiff's motion to amend the judgment [dkt. 37] is denied.

Dated: March 31, 2010

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge